## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATHRYN J. ROBINSON,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
SF-0752-15-0066-I-1

DATE: October 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathryn J. Robinson, Inglewood, California, pro se.

Melinda Varszegi, Esquire, Sandy, Utah, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant retired from her Human Resources Manager position effective January 31, 2014. Initial Appeal File (IAF), Tab 5 at 14. Thereafter, she filed a formal equal employment opportunity (EEO) complaint alleging that the agency had discriminated against her on the basis of her age (64) and made her working conditions so intolerable that she was forced to retire. IAF, Tab 1 at 17. On September 18, 2014, the agency issued a final agency decision finding no discrimination and advising the appellant of her right to file a Board appeal. *Id.* at 17-38.

¶3 The appellant timely filed an appeal with the Board and did not request a hearing. IAF, Tab 1. The administrative judge issued an order advising the appellant that retirement actions are presumed to be voluntary and not appealable to the Board and that her appeal would be dismissed unless she amended it to allege that her retirement was the result of duress, coercion, or misrepresentation by the agency. IAF, Tab 2. The appellant filed an amended appeal clarifying that her retirement was the result of duress and coercion by agency leadership and describing a number of occurrences "taken by or directed by" the district manager

that rendered her working conditions so intolerable that she was forced to retire. IAF, Tab 4. Specifically, the appellant alleged that: (1) in June and October 2013, she was subjected to two "unwarranted" and "humiliating" investigative interviews regarding an alleged romantic relationship with another manager (H.S.); (2) during her year-end review, the district manager asked her about her retirement plans; (3) in an attempt to "set [her] up," the district manager instructed another employee to have the appellant respond to an EEO complaint filed by H.S., even though he knew about the investigation into the alleged relationship between the appellant and H.S.; (4) in December 2013, the district manager issued the appellant an unsupportable letter of warning charging her with unprofessional conduct for giving H.S. special treatment; (5) during a meeting, the district manager made "insensitive age-related comments" to the appellant by referring to her as being in her "twilight years"; (6) the Area Manager of Human Resources suggested that the letter of warning could be resolved if the appellant retired; and (7) although the district manager verbally agreed to rescind the letter of warning on January 15, 2014, he did not officially do so until January 29, 2014, 1 day after he received the appellant's written notification of her intent to retire effective January 31, 2014. *Id.* at 1-3, 7. She claimed that these agency actions damaged her reputation and ability to function effectively in her position and made her "extremely uncomfortable" in senior management meetings because the other senior managers "were now questioning [her] integrity." *Id.* at 1. She further asserted that, after she reached out to the Area Vice President for assistance and received no response, she concluded that there would be no relief for her intolerable situation. *Id.* at 2.

¶4    The administrative judge determined that the appellant had made nonfrivolous allegations of an involuntary retirement sufficient to warrant adjudication of her claim and, because the appellant had not requested a hearing, advised that he would decide the appeal on the basis of the written record after affording the parties an opportunity to submit final evidence and argument. IAF,

Tab 6. In an initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to show by preponderant evidence that the agency's actions rendered her retirement involuntary. IAF, Tab 21, Initial Decision (ID). In particular, he found that: the agency investigation and letter of warning were appropriate under the circumstances and were not coercive; the district manager's actions and comments were not improper or discriminatory; and the Area Manager did not attempt to incentivize the appellant to retire. ID at 10-13. The administrative judge further found that the evidence established that the appellant intended to retire in early 2014 and that the agency's actions did not motivate her to advance her retirement date. ID at 13-15. Lastly, the administrative judge found that, absent an otherwise appealable action, the Board lacked jurisdiction to address the appellant's discrimination claims. ID at 15-16.

¶5 The appellant has filed a petition for review of the initial decision, the agency has responded in opposition to the petition for review, and the appellant has replied to the agency's opposition. Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 On review, the appellant argues that the administrative judge made incorrect findings of fact and law and erred in finding that her retirement was voluntary. PFR File, Tab 1. Specifically, she asserts that, contrary to the administrative judge's findings, she had not been planning to retire in early 2014, but rather planned to work for several more years until she reached 50 years of service. PFR File, Tab 1 at 2, Tab 4 at 1-2. Further, she argues that the administrative judge erroneously found that the district manager rescinded the letter of warning prior to her application for retirement because, pursuant to agency policy, discipline remains in the employee's file until it is rescinded in writing. PFR File, Tab 1 at 2, Tab 4 at 3-5. Although the district manager verbally agreed to

rescind the letter of warning prior to the date she submitted her retirement application, he did so in writing only *after* she submitted her retirement application. PFR File, Tab 1 at 2-6, Tab 4 at 2. Moreover, the appellant argues that the district manager violated the agency's regulations, which require that a supervisor must issue a written decision within 10 calendar days after receipt of an appeal and, if this deadline cannot be met, the decision must explain the reason for the delay. PFR File, Tab 4 at 4-5. Here, the district manager had delayed nearly 2 weeks by the time the appellant submitted her retirement application, and the written decision she received the next day failed to explain the delay. *Id.* at 5. The appellant also argues that the administrative judge gave unwarranted weight to the investigative report, on which he relied in finding that the agency's investigation and letter of warning were appropriate under the circumstances. PFR File, Tab 1 at 6-7, Tab 4 at 5-7. In support of this contention, she has submitted new evidence—excerpts from deposition transcripts from H.S.'s Board appeal—which she contends discredit the investigative report and the statements of the investigators.[2] PFR File, Tab 1 at 6-7, 11-18, Tab 4 at 5-7.

¶7    An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary and thus outside of the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement, however, is tantamount to a forced or constructive removal that is appealable to the Board. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). In constructive adverse action appeals, nonfrivolous allegations do not establish jurisdiction; rather, the appellant must

---

[2] Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The deposition transcripts—dated February 4, 2015, and February 19, 2015—were unavailable before the record closed on January 23, 2015. PFR File, Tab 1 at 12, 16; *see* IAF, Tab 17 at 1. We have considered these documents but find that they do not change the outcome of this appeal.

prove by preponderant evidence that the action was involuntary to establish Board jurisdiction.  *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 8 (2014).  The issue of the Board's jurisdiction in an involuntary resignation or retirement case is inextricably intertwined with the merits of the appeal; where the employee establishes the Board's jurisdiction over the appeal by showing that her resignation or retirement was involuntary, she also has established the merits of her appeal.  *Vitale*, 107 M.S.P.R. 501, ¶ 17.

¶8        "The doctrine of coercive involuntariness 'is a narrow one' requiring that the employee 'satisfy a demanding legal standard.'  An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary."  *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013) (quoting *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)).  Where, as here, the appellant claims that her retirement was coerced by the agency creating intolerable working conditions, the issue is whether, considering the totality of the circumstances, her working conditions were made so difficult that a reasonable person in her position would have felt compelled to resign or retire.  *Vitale*, 107 M.S.P.R. 501, ¶¶ 19-20.  In making this determination, the Board will consider allegations of discrimination and reprisal only insofar as they relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense.  *Id.*, ¶ 20.

¶9        We have reviewed the initial decision and agree with the administrative judge that the appellant has failed to show that her retirement was involuntary because of intolerable working conditions.  As discussed above, the appellant alleges that, over the course of 7 months, the district manager attempted to force her to retire by:  asking about her retirement plans during her year-end review; referencing her "twilight years" during one meeting; attempting to have her respond to H.S.'s EEO complaint; authorizing or being complicit in two unwarranted investigative interviews; issuing the appellant an unsupportable

letter of warning; and, after verbally agreeing to rescind the letter of warning, failing to do so until 1 day after he received the appellant's retirement application. Even if the appellant proved her factual allegations by preponderant evidence and proved that the agency acted improperly, her allegations could not, under the totality of the circumstances, establish that the agency deprived her of a meaningful choice as to whether to retire.

¶10        An employee is not guaranteed a stress-free working environment, and enduring unfair criticism and unpleasant working conditions generally is not so intolerable as to compel a reasonable person to retire. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). As such, while the district manager's actions and the investigatory interviews may have made the appellant feel uncomfortable, singled out, and mistreated, they did not deprive her of a meaningful choice. *See id.*; *see also Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 18-20 (2008) (finding that the appellant's allegations that the agency unjustifiably threatened him with discipline and conducted unwarranted investigations targeting him did not amount to nonfrivolous allegations that he was coerced into resigning). Further, to prove a constructive discharge, an employee has an obligation to act reasonably, not assume the worst, and not jump to conclusions too quickly. *Miller*, 85 M.S.P.R. 310, ¶ 29. Here, the appellant acted unreasonably and assumed the worst when she submitted her retirement application because the district manager had failed to rescind the letter of warning in writing within 2 weeks after he verbally agreed to do so. There is no evidence to suggest that the district manager did not intend to follow through on his verbal agreement to formally rescind the letter of warning. Considering the totality of the circumstances, we agree with the administrative judge that the appellant has not met her burden to show by preponderant evidence that the agency created working conditions so intolerable that a reasonable person in her position would have felt compelled to retire. ID at 13-15. Accordingly, we find

that the appellant failed to show that her retirement was involuntary, and the administrative judge properly dismissed the appeal for lack of jurisdiction.

¶11    Lastly, in the absence of an otherwise appealable action, the administrative judge correctly found that the Board lacks jurisdiction over the appellant's discrimination claims except insofar as they relate to the issue of voluntariness. ID at 7, 15-16; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Likewise, we have no authority to review the appellant's allegation that the district manager violated agency policy or regulations in failing to timely issue the written decision rescinding the letter of warning.[3] *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (stating that, in the absence of an otherwise appealable action, the Board lacked jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with regulations).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] Although we have no authority to review this allegation absent an otherwise appealable action, we have considered this claim insofar as it relates to the issue of voluntariness. Assuming, without deciding, that the district manager's delay in issuing the written rescission did violate an agency policy or procedure, we fail to discern how such a violation, even when considered in conjunction with the other alleged agency actions, would compel a reasonable person to retire.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.